UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION
-----------------------------------------------------    x
In re:                                                   :   Case No. 17-30743-5-MCR
                                                         :
    AUBURN ARMATURE, INC., *et al.*, [1]                 :   Chapter 11
                                                         :
                                         Debtors.        x   Jointly Administered
-----------------------------------------------------

### ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 365 AUTHORIZING AND APPROVING (I) APA FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS TO PURCHASER FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, EXCEPT PERMITTED ENCUMBRANCES, (II) WAIVER OF STAY UNDER BANKRUPTCY RULES 6004 AND 6006, (III)  ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "**Sale Motion**")[2] of Auburn Armature, Inc., ("**AAI**"), EASA

Acquisition I, LLC ("**EASA I**") and EASA Acquisition II, LLC ("**EASA II**") (collectively, the

"**Debtors**"), the above-captioned debtors and debtors in possession, seeking entry of an order,

pursuant to sections 105, 363, and 365 of title 11, United States Code (the "**Bankruptcy Code**"),

and Rules 2002, 6004, 6006, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") entry of an order authorizing and approving the Asset Purchase

Agreement (the "**APA**") by and between the Debtors and AAI Acquisition LLC (the

"**Purchaser**"); and upon the APA filed with the Court as Exhibit A to the Sale Motion; and upon

the affidavit of service of the Sale Motion and related documents on file with the Court; and a

hearing having been held on May 23, 2017 (the "**Procedures Hearing**") to (a) consider that

portion of the Sale Motion seeking authorization for and approval of certain noticing and

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Auburn Armature, Inc. [2853]; EASA Acquisition I, LLC [7967]; and EASA Acquisition II, LLC [0374].

[2] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Sale Motion or the APA, as defined therein.   To the extent that the defined terms conflict, the defined terms in the APA shall control.

marketing procedures (the "**Sale Procedures**"), and (b) schedule the hearing to approve the sale (the "**Sale Hearing**"), at which time all parties in interest were afforded an opportunity to be heard; and upon consideration of the Sale Motion, the record of the Procedures Hearing which is incorporated herein by reference, and all proceedings had before the Court; and upon the Court's order establishing the Sale Procedures and scheduling the Sale hearing, entered on May 25, 2017 (ECF Doc. No. 44) (the "**Procedures Order**"); and upon the affidavit of service with respect to the Procedures Order  filed with the Court (ECF Doc. No. 46); and upon consideration of the limited objection filed by the Official Committee of Unsecured Creditors (the "Committee") (ECF Doc. No. 88) and the objection filed by the Office of the United States Trustee (ECF Doc. No. 90); and the Court having conducted the Sale Hearing on June 23, 2017; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the relief sought in the Sale Motion; and the Court having reviewed and considered the Sale Motion, the affidavit of service filed by Debtors, and the arguments of counsel made, and the evidence adduced, at the Sale Hearing to consider approval of the APA; and upon the record of the Procedures Hearing and the Sale Hearing and all other proceedings in this chapter 11 case, and upon the transcript of the Sale Hearing which is incorporated herein, and the objections of the Committee and the Office of the United States Trustee having been resolved and withdrawn, and after due deliberation, and good cause appearing for the relief requested in the Sale Motion, it is

**HEREBY FOUND AND DETERMINED THAT:**

A.    Findings and Conclusions Contained.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law.  To the extent any of the

following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    Jurisdiction and Venue. This Court has jurisdiction over the Sale Motion and transactions related to the APA, pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    Statutory Predicates. The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code §§ 105, 363, 365, and 541, and Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, 9008, and 9014.

D.    Notice. Proper, timely, adequate, and sufficient notice has been provided in accordance with Bankruptcy Code §§ 102(1), 363(b) and 365, Bankruptcy Rules 2002, 6004, 9006, and 9007, and the Local Bankruptcy Rules for this District, and in compliance with the Procedures Order. Such notice was good and sufficient and appropriate under the particular circumstances. No other or further notice is necessary or shall be required. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

E.    Property of Estate. The Acquired Assets (as defined in the APA as modified herein), including the executory contracts and unexpired leases to be assumed and assigned (collectively, the "**Assumed Contracts**"), constitute property of Debtors' estates and title thereto is vested in Debtors' estates within the meaning of Bankruptcy Code §541(a).

F.    Sale is Appropriate. The Debtors have demonstrated a sufficient basis and compelling circumstances supporting its entry into the APA substantially in the form filed with the Court, and to sell the Acquired Assets under Bankruptcy Code §§ 363 and 365, and entering

3

into the APA and the transactions contemplated by the APA is an appropriate exercise of Debtors' business judgment and in the best interests of the Debtors, their estates and their creditors. Such business reasons include, but are not limited to, the facts that: (i) the Debtors' business (the "**Business**") continues to lose money; (ii) there is a substantial risk that the value of the Business and the Acquired Assets will deteriorate if the sale is not consummated promptly; and (iii) the APA with the Purchaser constitutes the highest and best offer for the Acquired Assets.

G.    Business Justification.    Prior to the Petition Date, the Debtors marketed the Acquired Assets as described at the Sale Hearing. Based upon the record of these proceedings, a sale of the Acquired Assets to Purchaser (the "**Sale**") is warranted under the circumstances. All creditors and other parties in interest were afforded a reasonable and fair opportunity to be heard.

H.    Highest or Otherwise Best Offer.    The total consideration provided by Purchaser for the Acquired Assets is the highest and best offer received by Debtors, and the Purchase Price constitutes reasonably equivalent value under the Bankruptcy Code.

I.    Arm's Length Transaction and No Collusion.    The APA and the transactions contemplated by the APA have been negotiated by the Debtors and Purchaser in good faith, at arm's length and without collusion. The terms and conditions of the APA and the transactions contemplated by the APA are fair and reasonable, and the transactions are in the best interest of Debtors, their creditors and their estates. The APA is hereby modified as follows:

a.    The Acquired Assets shall not include the Debtors':

i.    Ford E350 Cube Van, VIN 1FDWE3FL9EDB19725, which vehicle is hereby abandoned to secured creditor Ally Financial;

      ii. Ford E350 Cube Van, VIN 1FDWE3FL7EDB19724, which vehicle is hereby abandoned to secured creditor Ford Motor Credit; and

      iii. Interest in a lease of a Ford Edge VIN 1FMTK4K87FBB76595, which lease is hereby rejected.

b. For a period of five (5) business days following Closing, the Purchaser shall have the option to purchase the Debtors' accounts receivable which at closing, are aged 120 days or greater, for a purchase price as described at the Sale Hearing, provided that if the option is exercised, the Purchaser shall acquire the accounts as is with no recourse to the $400,000 holdback or otherwise.

c. The First Amendment to Asset Purchase Agreement and the Second Amendment to Asset Purchase Agreement are hereby approved.

J. Good Faith. Purchaser is a "good faith purchaser" entitled to the full benefits and protections of Bankruptcy Code §363(m) with respect to the Sale and assignment of the Acquired Assets and the transactions contemplated by the APA. Purchaser will be acting in good faith pursuant to Bankruptcy Code § 363(m) in consummating the APA and the transactions contemplated by the APA, at any time on or after entry of this Sale Order, and cause has been shown as to why this Sale Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d). Purchaser is not an "insider" as that term is defined in Bankruptcy Code § 101(31).

K.    <u>Proper Purposes</u>.  The APA and the transactions contemplated thereby, was not entered into, and neither the Debtors nor the Purchaser has entered into the APA, or propose to consummate the transactions contemplated by the APA, for the purpose of hindering, delaying or defrauding creditors of any Debtor under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia.  Neither the Debtors nor the Purchaser has entered into the APA, or is consummating the transactions contemplated thereby, with any fraudulent or improper purpose.

L.    <u>No Collusion</u>.  Neither the Debtors nor the Purchaser has engaged in any conduct that would cause or permit the APA to be avoided under Bankruptcy Code §363(n). Specifically, Purchaser has not acted in a collusive manner with any person and the Purchase Price (as defined in the APA) was not controlled by any agreement with unrelated third parties.

M.    <u>Corporate Power</u>.  The Debtors and the Purchaser have full corporate power and authority to execute and deliver the APA and the transactions related to the APA, and to perform all of their respective obligations thereunder, and the Sale and assignment of the Acquired Assets has been duly and validly authorized by all corporate authority necessary to consummate the transactions.

N.    <u>Free and Clear</u>.  With the exception of the Debtors' Ford F550 VIN 1FD0W5HT7GEB45541 (the "Ford F550") which is being transferred to the Purchaser subject to the lien of Ford Motor Credit, the Sale and assignment of the Acquired Assets to Purchaser will be, as of the Closing (as defined in the APA), a legal, valid and effective transfer of such assets, and each such transfer and assignment vests or will vest Purchaser with all right, title and interest of the Debtors to and in the Acquired Assets free and clear, to the fullest extent available under the Bankruptcy Code, except as specifically provided in the APA, of all liens (statutory,

6

contractual, or otherwise), claims (including those that constitute a "claim" as defined in Bankruptcy Code §101(5)), interests, rights, liabilities, encumbrances or other interests of any kind or nature whatsoever, security interests or other restrictions on transfer, debts arising under or out of, in connection with, or in any way relating to, any acts or omissions, obligations, demands, guaranties, rights, contractual commitments, restrictions, product liability claims, environmental liabilities, employment-related claims, employee pension or benefit plan claims, multiemployer benefit plan claims, retiree healthcare or life insurance claims of or against Debtors, and any transferee or successor liability claims, rights or causes of action (whether in law or in equity, under any law, statue rule, or regulation of the United States, or any state, territory, or possession thereof or the District of Columbia), whether arising prior to or subsequent to the commencement of this case, whether known or unknown, and whether imposed by agreement, understanding, law, equity or otherwise (all of the foregoing are hereinafter referred to as "**Claims**"). As of the Closing Date (as defined in the APA), the transfer of the Acquired Assets to the Purchaser will be a legal, valid, and effective transfer of the Acquired Assets, and will vest Purchaser with all right, title, and interest of the Debtors in and to the Acquired Assets, free and clear of all Claims, with any such Claims to attach to the proceeds of the Sale, in order of their priority and with the same validity, force, and effect that they now have against the Acquired Assets, subject to any rights, claims and defenses of the Debtors or their estates, as applicable, may possess with respect thereto.

O.    Sale Free and Clear in Best Interests of Debtors. The Purchaser would not enter into the APA to acquire the Acquired Assets if, excepting the Ford F550,the Sale of the Acquired Assets were not free and clear of all Claims. Excepting the Ford F550, a sale of the Acquired Assets other than one free and clear of all Claims would adversely impact Debtors' estates, and

would yield substantially less value for Debtors' estates. Therefore, the Sale contemplated by the APA is in the best interests of Debtors, their estates and creditors, and all other parties in interest.

      P.      <u>Standards of Section 363(f) of the Bankruptcy Code Satisfied</u>.  Except as to the Ford F550, the Debtors are selling and assigning the Acquired Assets free and clear of all Claims because, with respect to each creditor asserting a Claim, one or more of the standards set forth in Bankruptcy Code §§ 363(f)(1) through (5) has been satisfied.  Those holders of Claims who did not object, or who withdrew their objections to the Sale Motion, or to the Cure Notice, are deemed to have consented to the Sale Motion and Sale and assignment of the Acquired Assets to Purchaser pursuant to Bankruptcy Code § 363(f)(2).  Those holders of Claims who did object fall within one or more of the other subsections of Bankruptcy Code § 363(f) and are adequately protected by having their Claims, if any, attach to the proceeds of the Sale, in the same order of priority, with the same validity, force and effect that such holder had prior to the Sale of the Acquired Assets, and subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

      Q.      <u>Assumed Liabilities</u>.  Purchaser shall have no obligations with respect to any liabilities of Debtors, other than those liabilities expressly assumed under the APA (collectively, the "**Assumed Liabilities**").

      R.      <u>No Successor Liability</u>.  The Sale and the transactions contemplated under the APA do not amount to a consolidation, merger, or *de facto* merger of the Purchaser and the Debtors and/or the Debtors' estates, there is no substantial continuity between the Purchaser and the Debtors, there is no common identity between the Debtors and the Purchaser, there is no continuity of enterprise between the Debtors and the Purchaser, the Purchaser is not a mere

continuation of the Debtors or their estates, and the Purchaser does not constitute a successor to the Debtors or their estates. Other than the Assumed Liabilities, the Purchaser and the Acquired Assets shall have no liability with respect to or be required to satisfy in any matter, whether at law or in equity, whether by payment setoff or otherwise, directly or indirectly any Claims.

S.    Assumed Contracts. Purchaser is not taking an assignment of any contracts, other than the Assumed Contracts as set forth in Schedule E annexed to the APA. The Assumed Contracts are executory contracts or unexpired leases within the meaning of Bankruptcy Code § 365(a). The Debtors have established a prompt cure of any and all defaults under the Assumed Contracts, as required by Bankruptcy Code § 365(b).

T.    Limited Liability of Purchaser. Except as specifically provided in the APA, and consistent with Bankruptcy Code §363(f), Purchaser shall have no liability for any Claims arising out of or related to the APA or transfer of the Acquired Assets, or arising from Claims against the Debtors or their estates or any liabilities or obligations of the Debtors and/or their estates, under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability, except as specifically provided in the APA. Except as specifically provided in the APA, all persons and entities asserting or holding any Claims in or with respect to the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), however, arising, shall be forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such Claims against the Purchaser.

U.    Environmental Laws. Nothing contained in this Sale Order or in the APA shall in any way (1) diminish the obligation of any entity to comply with environmental laws; or (2)

diminish the obligations of the Debtors to comply with environmental laws consistent with their rights and obligations as debtors in possession under the Bankruptcy Code.  Notwithstanding anything to the contrary contained herein, nothing in this Sale Order shall be interpreted to deem the Purchaser as the successor to the Debtors under any state law or federal law, successor liability doctrine with respect to any liabilities under environmental laws or regulations for penalties for days of violation prior to the Closing Date or liable for liability or obligation of the Debtors.  Nothing in this Paragraph shall be construed to create for any governmental unit any substantive right that does not already exist under law.

V.    Adequate Assurances.  Purchaser has provided good and sufficient evidence constituting adequate assurance of future performance of its obligations under the Assumed Contracts within the meaning of Bankruptcy Code §§ 365(b)(1)(c) and 365(f)(2)(B).

W.    Assignability of Assumed Contracts.  Any provisions of the Assumed Contracts which purport to prohibit, condition or restrict Debtors' assignment of the Assumed Contracts are unenforceable pursuant to Bankruptcy Code § 365(f)(1).

X.    Specific Performance.  The APA and the transactions related to the APA, shall be specifically performable and enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtors' estates or any trustee appointed in a chapter 7 case if the Debtors' cases are converted from chapter 11, all creditors of the Debtors (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise

Case 17-30743-5-mcr    Doc 110    Filed 06/26/17    Entered 06/26/17 18:59:44    Desc
Main Document    Page 11 of 26

record or release any documents or instruments or who may be required to report or insure any title in or to the Acquired Assets.

Y.     Due Authorization.   The consummation of the Sale under the APA and the transactions related to the Sale are legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including without limitation Bankruptcy Code §§ 105(a), 363(b), 363(f), 363(m), 365(b)(1) and 365(f)(2) and all of the applicable requirements of such sections have been or will be complied with in respect of the Sale and the transactions related to the Sale.

Z.     No Impermissible Restructuring or Dictation of Terms of Liquidating Plan.  The sale and assignment of the Acquired Assets outside of a plan of reorganization pursuant to the APA neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a liquidating plan for the Debtors.

AA.     Time of the Essence.   In order to preserve the value of the Acquired Assets, reduce claims against the Debtors' estates, and minimize losses to the Debtors' estates, time is of the essence with respect to the entry of this Sale Order approving the Sale. Accordingly, there is cause to waive the stays contemplated by Bankruptcy Rules 6004(h) and 6006(d).

BB.     Best Interests.   The Sale and the transactions contemplated by the APA are in the best interests of Debtors and their estate, creditors, interest holders, and all other parties in interest.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1.     Sale Motion Granted.   The relief requested in the Sale Motion is granted in its entirety, subject to the terms and conditions contained herein.

2.    <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed and deemed so ordered, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed and deemed so ordered.

3.    <u>Objections</u>.  All objections and responses to the Sale Motion that have not been overruled, withdrawn, waived, settled, or otherwise resolved, and all reservations of rights included therein, are hereby overruled and denied.

4.    <u>Fair Notice</u>.  Notices given of the Sale Hearing and the proposed cure amounts contained in the Cure Notice were fair and equitable under the circumstances and complied in all respects with Bankruptcy Code § 102(1) and Bankruptcy Rules 2002, 6004 and 6006.

5.    <u>Approval of APA</u>.  The APA, a copy of which is annexed hereto as **Exhibit 1**, and the transactions related to and contemplated by the APA, as amended by this Sale Order, are hereby approved.  The Debtors are hereby authorized and empowered and directed to enter into, and to perform their obligations under, the APA and to execute and perform such agreements or documents, and take such other actions as are necessary or desirable to effectuate the terms of the APA.  The Debtors are authorized to consummate the Sale and the assumption and assignment of the Assumed Contracts, pursuant to and in accordance with the terms and conditions of the APA, effective immediately upon the entry of this Sale Order.

B.    <u>Protections of Section 363(m)</u>.  The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith purchaser under Bankruptcy Code § 363(m).  Pursuant to Bankruptcy Code § 363(m), if any or all of the provisions of this Sale Order

are hereafter reversed, modified, or vacated by a subsequent order of this Bankruptcy Court or any other court, such reversal, modification, or vacatur, shall not affect the validity and enforceability of any sale, transfer or assignment under the APA or obligation or right granted pursuant to the terms of this Sale Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur shall be governed in all respects by the provisions of this Sale Order or the APA, as the case may be.

6.    <u>No Avoidance Pursuant to Section 363(n)</u>.  The Sale approved by this Sale Order is not subject to avoidance pursuant to Bankruptcy Code § 363(n).

7.    <u>Assumed Contracts</u>.

A.    The Debtors' assumption of the Assumed Contracts is authorized and approved pursuant to Bankruptcy Code §§ 365(a) and (b).  The Debtors are hereby authorized and directed to pay to each counter-party to an Assumed Contract the cure amount (collectively, the "**Cure Costs**") set forth on the Cure Notice in accordance with a separate order of this Court.

B.    The Debtors are hereby authorized and directed to assign the Assumed Contracts to the Purchaser pursuant to Bankruptcy Code § 365(f)(1).

C.    Pursuant to Bankruptcy Code § 365(f)(3), each party to an Assumed Contract is hereby prohibited and enjoined from terminating or modifying such Assumed Contract because of the assignment of such Assumed Contract pursuant to this Sale Order.

D.    The Assumed Contracts shall be transferred to, and shall remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract (including any of the type described in Bankruptcy Code § 365(f)) that prohibits, restricts, or conditions such assignment or transfer.  Upon the Closing, in accordance with Bankruptcy Code §§ 363 and 365, the Purchaser

shall be fully and irrevocably vested with all right, title, privilege and interest of the Debtors in, to, and under the Assumed Contracts.

        E.      Consistent with the requirements of Bankruptcy Code §§ 365(b) and 365(f), upon the Closing and payment and satisfaction of the Cure Costs with respect to the Assumed Contracts in accordance with the terms and conditions of the APA:

        i.     all defaults of the Debtors under such Assumed Contract existing as of the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in Bankruptcy Code § 365(b)(2)) shall be deemed in all respects cured, and the Purchaser shall have no further liability or obligation in respect of any such defaults (including, without limitation, any liability to compensate any counterparty for any actual pecuniary loss to such counterparty resulting from such defaults), except as may otherwise be expressly agreed between the Purchaser and the applicable counterparty;

        ii.    each counterparty to such Assumed Contract shall be forever barred, estopped, and permanently enjoined from asserting against the Debtors, the Debtors' estates, the Purchaser, or the property of any of them, any default or claim of breach arising under such Assumed Contract and existing as of the Closing Date, or, as against the Purchaser, any counterclaim, defense, setoff, recoupment or any other claim asserted or assertable against the Debtors or their estates; and

        iii.   The Purchaser shall be deemed to be substituted for the Debtors as a party to each of the Assumed Contracts, and the Debtors and their estates shall

14

be relieved from any liability for breach of any such Assumed Contract occurring after the Closing.

F.      There shall be no rent accelerations, assignment fees, increases or any other fees charged or chargeable to the Purchaser as a result of the assumption, assignment and sale of the Assumed Contracts.  Any provision in any Assumed Contract that prohibits or conditions the assignment of such contract or lease, or allows the counterparty to such contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such contract or lease, constitutes an unenforceable anti-assignment provision, and is void and of no force and effect.  The validity of the assumption, assignment and sale of the Assumed Contracts to Purchaser shall not be affected by any existing dispute between the Debtors and any counterparty to an Assumed Contract.  Any party that may have had the right to consent to the assignment of its Assumed Contract is deemed and determined to have consented to the assignment for the purposes of Bankruptcy Code § 365(e)(2)(A)(ii).

8.      Debtors Authorized to Perform Under APA.  At the Closing, the Debtors will be authorized to fully perform under, consummate and implement the terms of the APA, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the APA, this Sale Order and the transactions related to the APA, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession any or all of the Acquired Assets, as may be necessary or appropriate to the performance of the Debtors' obligations as contemplated by the APA, without any further corporate action or orders of this Court.

15

9.    Effect of Closing. Effective as of the Closing Date (a) the Sale and assignment of the Acquired Assets by the Debtors to the Purchaser shall constitute a legal, valid and effective transfer of the Acquired Assets pursuant to Bankruptcy Code §§ 363(b) and (f) notwithstanding any requirement for approval or consent by any person; (b) the Purchaser shall have good and marketable title to the Acquired Assets and all right, title and interest of the Debtors in and to the Acquired Assets, free and clear of all Claims whatsoever, and neither Purchaser nor its affiliates, members or shareholders or the Acquired Assets shall have any liability with respect to or be required to satisfy in any matter, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Claims; and (c) the assumption of any Assumed Liabilities by the Purchaser constitutes a legal, valid and effective delegation of any Assumed Liabilities to the Purchaser and divests the Debtors of all liability with respect to any Assumed Liabilities, subject to the payment of "cure" amounts by the Debtors, as required in the APA.

10.    Transfer of Assets Free and Clear.

A.    Pursuant to Bankruptcy Code §§ 105(a), 363(b), 363(f) and 365, and with the exception of the Ford F550 which is being transferred to the Purchaser subject to the lien of Ford Motor Credit, the Debtors are authorized and directed to transfer the Acquired Assets to the Purchaser in accordance with the terms of the APA. The Acquired Assets shall be transferred to the Purchaser, and effective as of the Closing Date, such transfer shall: (1) be valid, legal, binding and effective; (2) vest the Purchaser with all right, title and interest of the Debtors in the Acquired Assets; and (3) be free and clear of all Claims, with all Claims to attach to the proceeds of the Sale, in order of their priority and with the same validity, force, and effect that they now have against the Acquired Assets, subject to any rights, claims and defenses of Debtors or their estates, as applicable, may possess with respect thereto. Upon the occurrence of the Closing, this

16

Sale Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Acquired Assets acquired by the Purchaser under the APA and/or a bill of sale or assignment transferring indefeasible title and interest in the Acquired Assets to the Purchaser free and clear of all Claims.  All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtors to transfer the Acquired Assets to the Purchaser in accordance with the APA and this Sale Order.

B.      Permanent Injunction:  Except as otherwise provided herein or in the APA, all Governmental Units (as defined in Bankruptcy Code §§ 101(27) and 101(41)) and all persons and entities (and their respective successors and assigns), including, without limitation, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, employees, former employees, pension plans, multiemployer pension plans, labor unions, trade creditors and any other creditors holding Claims (whether legal or equitable, secured or unsecured, known or unknown, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated) arising under or out of, in connection with, or in any way relating to the Acquired Assets, the operation of the Business prior to Closing, or the transfer of the Acquired Assets to the Purchaser, are hereby forever barred, estopped and permanently enjoined from asserting or pursuing any Claims against Purchaser, its affiliates, successors or assigns, its property or the Acquired Assets, including, without limitation, taking any of the following actions with respect to a Claim: (1) commencing or continuing, in any manner, any action or other proceeding against Purchaser, its affiliates, successors or assigns, assets (including the Acquired Assets) or properties; (2) enforcing, attaching, collecting or recovering, in any manner, any judgment, award, decree, or order against Purchaser, its affiliates,

17

successors or assigns, assets, or properties; (3) creating, perfecting, or enforcing any liens, claims, encumbrances or other interests as against Purchaser, or its affiliates, successors, assigns, assets (including the Acquired Assets) or properties; (4) asserting any setoff, right of subrogation or recoupment of any kind for any obligation of the Debtors as against any obligation due to the Purchaser, or its affiliates, successors or assigns or their respective assets, including the Acquired Assets; or (5) commencing or continuing any action, in any manner or place, that does not comply, or is inconsistent with, the provisions of this Sale Order or the agreements or actions contemplated or taken in respect thereof. This Sale Order shall operate as a permanent injunction prohibiting any party to a contract that has been rejected by the Debtors that in any way relates to any of the Acquired Assets from taking any action against the Purchaser in connection with the Sale, whether pursuant to the Bankruptcy Code or any other statutory or non-statutory federal, state, or local law.

C.      This Sale Order: (1) shall be effective as a determination that, as of the Closing Date, except as otherwise provided in this Sale Order and the APA, all Claims have been unconditionally released, discharged and terminated as to the Purchaser and the Acquired Assets, and that the conveyances and transfers described herein have been effected; and (2) is and shall be binding upon and govern the acts of all persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any

and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

D.       If any person or entity that has filed financing statements, mortgages, deeds of trust, mechanic's liens, *lis pendens* or other documents or agreements evidencing Claims against the Debtors with respect to the Acquired Assets has not delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Acquired Assets, then with regard to the Acquired Assets that are purchased by the Purchaser pursuant to the APA and this Sale Order, after the Closing Date: (1) the Debtors are hereby authorized and directed, and the Purchaser is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Acquired Assets; and (2) the Purchaser is hereby authorized, but not directed, to file, register or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against the Acquired Assets.  This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office. Notwithstanding and without limiting the foregoing, the provisions of this Sale Order authorizing the Sale and assignment of the Acquired Assets free and clear of Claimsand the Excluded Liabilities, shall be self-executing, and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Sale Order.

E.      Following the Closing, no holder of any Claim shall interfere with the Purchaser's title to or use and enjoyment of the Acquired Assets based on or related to any such Claim or based on any actions the Debtors may take in their chapter 11 cases.

11.     No Successor or Transferee Liability.

A.      The Purchaser is not and shall not be deemed a "successor" to the Debtors or their estates as a result of any action taken in connection with the APA, the consummation of the Sale contemplated by the APA, the transfer or operation of the Acquired Assets or any other event occurring in the chapter 11 cases under any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of the Debtors (or their predecessors or affiliates) and/or their estates including, but not limited to, any bulk sales law, pension or ERISA obligation, WARN Act obligation, Fair Labor Standards Act obligation, CERCLA obligation, any obligation under the Consolidated Omnibus Budget Reconciliation Act, successor liability, or similar liability except as otherwise expressly provided in the APA.  The Sale of the Acquired Assets, the assumption and assignment of the Assumed Liabilities by the Purchaser, and the transactions approved hereby will not cause the Purchaser to be deemed a successor in any respect to the Debtors.

B.      Nothing in this Sale Order, except as specifically provided in the APA, shall require the Purchaser to: (1) continue or maintain in effect, or assume any liability in respect of any employee, collective bargaining agreement, pension, welfare, fringe benefit or any other benefit plan, trust arrangement or other agreements to which Debtors are a party or have any responsibility therefor, including, without limitation, medical, welfare and pension benefits payable after retirement or other termination of employment; or (2) assume any responsibility as a fiduciary, plan sponsor or otherwise, for making any contribution to, or in respect of the

funding, investment or administration of any employee benefit plan, arrangement or agreement (including but not limited to pension plans) or the termination of any such plan, arrangement or agreement.

C.       Nothing in this Sale Order or the APA releases, nullifies or enjoins the enforcement of any liability to a governmental unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery or injunctive relief) that any entity would be subject to as the owner, lessor, lessee or operator of property that is sold or transferred pursuant to this Sale Order.  Nothing contained in this Sale Order or in the APA shall in any way: (1) diminish the obligation of any entity to comply with environmental laws; or (2) diminish the obligations of the Debtors to comply with environmental laws consistent with its rights and obligations as debtors in possession under the Bankruptcy Code.  Notwithstanding the foregoing sentence, nothing in this Sale Order shall be interpreted to deem the Purchaser as the successor to the Debtors under any state law successor liability doctrine with respect to any liabilities under environmental laws or regulations for penalties for days of violation prior to the Closing Date.  Nothing in this Sale Order should be construed to create for any governmental unit any substantive right that does not already exist under law.

12.       Retained Liabilities.  The Purchaser has not assumed and is not otherwise obligated for any of the Debtors' liabilities other than the Assumed Liabilities and as otherwise set forth in the APA, and Purchaser has not acquired any assets other than the Acquired Assets. Consequently, all persons, Governmental Units (as defined in Bankruptcy Code §§ 101(27) and 101(41)) and all holders of Claims, based upon or arising out of liabilities retained by Debtors are hereby enjoined from taking any action against the Purchaser or the Acquired Assets purchased under the APA, including asserting any setoff, right of subrogation or recoupment of

any kind, to recover any Claims or on account of any liabilities of the Debtors other than Assumed Liabilities pursuant to the APA.

13.    Self-Executing Provisions. The provisions of this Sale Order authorizing the sale and assignment of the Acquired Assets free and clear of Claims shall be self-executing, and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Sale Order.

14.    Surrender of Assets and Real Property. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtors to transfer the Acquired Assets to the Purchaser in accordance with the APA and this Sale Order.

15.    Authorization of Agencies to Accept Documents. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA and this Sale Order.

16.    Transfer of Licenses. To the greatest extent available under applicable law, the Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and any other governmental authorization or approval of the Debtors with respect to the Acquired Assets, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Purchaser as of the Closing Date. To the extent provided by Bankruptcy Code § 525, no governmental unit may revoke or suspend any permit or license relating to the operation of the Acquired Assets sold, transferred or conveyed to the Purchaser on account of the filing or

pendency of these chapter 11 cases or the consummation of the transaction contemplated by the APA.

17.    Compliance with Regulatory Law.  Nothing in this Sale Order or the APA or any other documents related thereto, shall be intended or construed to limit or restrict the regulatory authority of the State of New York.

18.    Modification; Confirmation of Closing.  Subject to the terms of the APA, the APA and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtors and the Purchaser with five (5) business days' notice to the Committee during which period of time the Committee can seek a Bankruptcy Court order forbidding such amendment, without further action or order of the Bankruptcy Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to, and effectuates, the APA and any related agreements.  The Debtors shall file a notice in this case within three (3) business days of the Closing Date, confirming that the Closing has occurred and that the Closing Date has passed.  Any material modification, amendment, or supplement to the APA which affects the Purchase Price, must be approved by Order of the Bankruptcy Court following a motion on notice of presentment to all interested parties.

19.    Release of Purchaser.  Effective upon Closing, the Purchaser shall be released from any and all claims of any kind or nature whatsoever, through and including the Closing Date but excluding any claim related to obligations of the Purchaser under the APA and Sales Agreement, which could be asserted by the Debtors, the Debtors' bankruptcy estates or any party having standing to take action on behalf of the Debtors' bankruptcy estates.

20.    Interpretation of Sale Order and APA.  The failure to specifically include any particular provisions of the APA or any related agreements in this Sale Order shall not diminish

23

or impair the effectiveness of such provision, it being the intent of this Court, the Debtors, and the Purchaser that the APA, and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Sale Order prior to the Closing.  Except as expressly provided herein, nothing in this Sale Order shall modify or waive any closing conditions or termination rights in the APA, and all such conditions and rights shall remain in full force and effect in accordance with their terms.  In the event of a direct conflict between the terms of this Sale Order and the terms of (a) the APA, or (b) any other order of this Court, the terms of this Sale Order shall govern and control.

21.    <u>Binding Nature of Sale Order</u>.  This Sale Order and the APA shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtors and the Purchaser, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtors' estates, or any trustee appointed in a chapter 7 case if the Debtors' cases are converted from chapter 11, all creditors of the Debtors (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Acquired Assets.

22.    <u>Survival</u>.  Nothing contained in any subsequent order of this Court or any court of competent jurisdiction in these chapter 11 cases (or any order entered after any conversion of a chapter 11 case of a Debtor to a case under chapter 7 of the Bankruptcy Code) or any chapter 11 plan confirmed in the Debtors' bankruptcy cases or any order confirming any such plan shall nullify, alter, conflict with, or in any manner derogate from the provisions of this Sale Order, and

the provisions of this Sale Order shall survive and remain in full force and effect. For the avoidance of doubt, if any Debtors' chapter 11 cases are converted to a case under chapter 7 of the Bankruptcy Code, the Sale Order shall be binding on the chapter 7 trustee in such chapter 7 case.

23.    Sale Order Immediately Enforceable.    The fourteen-day stays provided for in Bankruptcy Rules 6004(h) and 6006(d) of the Bankruptcy Rules are hereby waived, and shall not be in effect with respect to the Sale and transactions related to the Sale, and under Bankruptcy Rule 7062 this Sale Order shall be effective immediately upon entry.

24.    Automatic Stay.    The automatic stay pursuant to Bankruptcy Code § 362 is hereby modified with respect to the Debtors to the extent necessary, without further order of this Court, to allow the Purchaser to deliver any notice provided for in the APA and allow the Purchaser to take any and all actions permitted under the APA in accordance with the terms and conditions of the APA.

25.    Debtors' Payment to KeyBank.    On the first Business Day after receipt by Debtors of proceeds from the transactions contemplated in the APA, the Debtors shall remit  the net cash proceeds received to KeyBank National Association, in accordance with the terms of that Debtor in Possession Credit Agreement entered into by the Debtors and KeyBank National Association, and in accordance with the Final Order approving same, but limited, however, to the amount of the outstanding obligations owed to KeyBank National Association.

26.    Retention of Jurisdiction.    This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Sale Order, the Procedures Order, and the APA in all respects and to decide any disputes concerning this Sale Order and the APA, and the rights and duties of the parties hereunder or thereunder or any issues relating to the APA and this Sale Order

including, but not limited to, the interpretation of the terms, conditions, and provisions hereof and thereof; the status, nature, and extent of the Acquired Assets; and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Acquired Assets free and clear of all Claims.

27.   <u>No Bulk Sales</u>. No bulk sales law, or similar law of any state or other jurisdiction shall apply in any way to the transaction contemplated by the APA, the Sale Motion, or this Sale Order.

28.   <u>No Broker's Fee</u>. The Purchaser is not and will not be liable to any agent, broker, person or firm acting or purporting to act on behalf of the Debtors or the Purchaser for any commission, broker's fee, or finder's fee with respect to the Sale.

29.   <u>Conflicts with Pleadings</u>. To the extent this Sale Order is inconsistent with any prior order or pleading in the Debtors' chapter 11 cases, the terms of this Sale Order shall govern.

30.   <u>Non-Severability</u>. The provisions of this Sale Order are non-severable and mutually dependent.

SO ORDERED, this 26th day of June, 2017.

Hon. Margaret Cangilos-Ruiz
United States Bankruptcy Court Judge